### 13058. BETH EDEN BAPTIST CHURCH *v.* ELLIS, administratrix.

Even if the court erred in admitting in evidence, without further preliminary proof, the contract executed under seal in the name of the church, this was immaterial, in view of evidence subsequently admitted as to authorization and ratification of the contract.

> DECIDED MAY 23, 1922.

Complaint; from Chatham superior court — Judge Meldrim. October 17, 1921.

*Stephens, Barrow & Heyward,* for plaintiff in error.

*David S. Atkinson,* contra.

HILL, J. Suit was brought on a contract of the Beth Eden Baptist Church, signed by R. D. Williams as moderator and Thomas H. Green as clerk, upon which contract the seal of the church was impressed. This contract was admitted in evidence over the objection that there was no proof that it was the authorized act of the church corporation, and that, the corporation being a religious corporation, there was no legal presumption from the

impress of the seal of the corporation, attested by the signature of the executive officers, that the contract was a contract of the corporation. The admission of the contract without affirmative proof that it was the duly authorized act of the corporation is the subject of the only special assignment of error relied upon in this court. Irrespective of the question whether the principle of law above mentioned applies to religious corporations, and whether the trial court erred in admitting the contract without further preliminary evidence that it was the duly authorized contract of the church corporation, the alleged error was immaterial, in view of evidence subsequently admitted that the contract was in fact the act of the church, duly authorized by the members in their congregational capacity and fully ratified by the church by a partial performance. The court charged that the " burden was on the plaintiff to show that the contract set out in the petition was made, signed, and executed by the defendant, the Beth Eden Baptist Church, or by persons authorized by the defendant to do so." This was the controlling issue in the case, and the burden was successfully carried by the plaintiff. The evidence amply supported the verdict, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*